**FILED**

**JUL 1 9 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>Judiciary Center Building<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>Plaintiff,<br><br>v.<br><br>One 2002 Gray BMW 745LI,<br>VIN: WBAGN634X2DR06697<br><br>and<br><br>One 2001 Silver Mercedes Benz S500,<br>VIN: WDBNG75J11A138653,<br><br>Defendants. | )<br>)<br>)<br>)   Civil Action No. 07-<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:07-cv-01289
Assigned To : Walton, Reggie B.
Assign. Date : 7/19/2007
Description: General Civil

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its attorney, the United States Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil action, *in rem*, to forfeit and condemn to the use and benefit of the United States of America the following properties: One 2002 Gray BMW 745LI, VIN: WBAGN634X2DR06697, and One 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653, through enforcement of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a violation of 18 U.S.C. §§ 1956

or 1957 (money laundering). This action is also brought to enforce 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to a "specified unlawful activity," including proceeds from forged securities and wire or mail fraud schemes.

2. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which plaintiff will execute upon the defendant properties pursuant to 28 U.S.C. §§ 1355(b) and (d) and Supplemental Rule G(3)(c).

3. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and by virtue of 28 U.S.C. § 1395(a) because the defendant vehicles were found in the District of Columbia.

## BASES FOR SEIZURE AND FORFEITURE

4. On June 10, 2005, an Arlington County police officer traveling on Washington Boulevard in the vicinity of Route 50 stopped to assist a motorist whose vehicle was on the side of the road. The officer determined that Duane McKinney ("McKinney") was the operator of the vehicle. The officer discovered that an outstanding warrant for McKinney's arrest existed. McKinney was arrested and transported to a local police station for booking.

5. The vehicle that McKinney had been operating, a 2002 BMW 745 LI sedan,[1] was taken into custody and an inventory search was conducted. During the course of that search, officers found one hundred fifty-nine thousand and forty dollars ($159,040.00) in United States currency in a duffel bag inside the trunk of the car.

---

[1] This is a different BMW from the defendant vehicle herein.

2

6. McKinney agreed to speak to law enforcement officers. He told them that he was the president of a non-profit organization named Brotherhood of Men, Inc. The Brotherhood of Men, Inc. is registered as a non-profit organization in the District of Columbia.

7. McKinney stated that the Brotherhood of Men, Inc.'s mission is to assist disadvantaged youth with job training and fatherhood initiatives. He further stated that one of the ways in which the Brotherhood of Men, Inc. obtained funding was to obtain quitclaim deeds on real properties that the organization would fix up and sell at a profit. He stated that the Brotherhood of Men, Inc. pays him a non-taxable "stipend," not a salary.

8. McKinney said that all of the currency that the officers found in his car belonged to The Brotherhood of Men, Inc. and that all of the currency had been withdrawn from the organization's bank account in the prior year. According to McKinney, he withdrew the money at different times over the prior year in different increments–sometimes $40,000.00, $20,000.00, or $50,000.00 at a time from different branches with different tellers.

9. The Virginia Employment Commission, the Maryland Department of Labor, Licensing, and Regulations, and the District of Columbia Department of Employment Services advised that their agencies had no record of McKinney receiving wages or unemployment compensation for the previous two years.

10. After McKinney's arrest, investigators discovered that McKinney was a subject of several lawsuits pending in the District of Columbia. Investigators looked into the facts underlying these cases and discovered that McKinney, acting himself, or through The Brotherhood of Men, Inc. sold a number of real properties that neither he, nor The Brotherhood of Men, Inc., properly owned. Further investigation revealed additional properties in the District

of Columbia and Maryland in which McKinney personally or through The Brotherhood of Men, Inc., falsely claimed an interest. The investigation revealed that McKinney developed a scheme to defraud using The Brotherhood of Men, Inc. to obtain control over real properties which he later sold and used bank accounts[2] held in the corporation's name to deposit proceeds of the scheme. The investigation also revealed that a number of recorded deeds were mailed from the D.C. Recorder of Deeds to The Brotherhood of Men, Inc. and/or McKinney at an address in Maryland.  On April 27, 2007, McKinney was indicted by a grand jury charging him with federal criminal charges including, conspiracy, forged securities, mail fraud, wire fraud and monetary transactions.[3]

11. The investigation revealed that the properties in which McKinney, or The Brotherhood of Men, Inc. allegedly obtained an interest in could not have been transferred to McKinney or The Brotherhood of Men, Inc., because the owners were deceased at the time of the alleged transfer or the owners told investigators that they had not signed the purported deeds.

12. The investigation revealed McKinney sold a number of the properties and that settlement funds were deposited in held Bank of America accounts held in the name of The Brotherhood of Men, Inc.

13. For example, on February 16, 2005, a deed was recorded at the D.C. Recorder of Deeds that purports to transfer a parcel of real property located at 5021 Hanna Place, N.E., Washington, D.C., from J. H. and L.H. to the Brotherhood of Men, Inc. Joseph D. Liles, Sr.,

---

[2] McKinney and The Brotherhood of Men, Inc. had a number of accounts at Bank of America.

[3] On July 7, 2007, a superceding indictment was filed allleging an addition violation.

notarized the deed on February 16, 2005. J. H. and L. H. appear to have signed the deed on February 10, 2005, transferring the property to the Brotherhood of Men, Inc.

14. On April 23, 2005, the Brotherhood of Men, Inc. transferred its interest in the Hanna Place property to C. P. for $20,000.00.

15. Bank records for the Brotherhood of Men, Inc.'s Bank of America account, No. xxxxxxxx7468, shows a $20,000.00 deposit into that account on April 25, 2005.

16. Investigation revealed that on February 10, 2005, the date that they, supposedly, executed the deed transferring their interest in the Hanna Place property to the Brotherhood of Men, Inc., both J. H. and L.H. were deceased.

17. Another example, on October 25, 2004, a deed was recorded with the D.C. Recorder of Deeds purporting to transfer lots 129, 130, 131, 132 and 133 in Square 2982 located behind 6109 9th Street NW, Washington, D.C. from A.Y. to The Brotherhood of Men, Inc. The deed was notarized by Joe D. Liles, Sr.

18. Several days later, on October 29, 2004, another deed was recorded with the D.C. Recorder of Deeds purporting to transfer lots 121, 122, and 123 in Square 2982, also located behind 6108 9th Street NW, Washington, D.C. from E. W. and E.Y. had transferred their property to The Brotherhood of Men, Inc. The deed was notarized by Joe D. Liles, Sr.

19. The investigation revealed that E.Y. died in Washington, D.C. on October 22, 1997 and that A.Y. died on May 2, 1999. Therefore, neither of them could have transferred the lots to The Brotherhood of Men, Inc. as was represented in the deeds filed with the D.C. Recorder of Deeds.

20. On October 16, 2006, lots 121, 122, 123, 129, 130, 131, 132 and 133 in Square 2982,

located behind 6108 9th Street NW, Washington, D.C. were sold by McKinney on behalf of the Brotherhood of Men, Inc. to the Shirley Education Initiative.

21. Bank of America records show that on October 16, 2006, a $138,501.00 wire from Aspen Title & Escrow Corporation was deposited into Bank of America account number xxxxxx7537,[4] held by The Brotherhood of Men, Inc. The only deposit made during that statement period was the wire of $138,501.00.

22. The President of the settlement company involved in the settlement of the sale of the above listed lots, Aspen Title & Escrow, confirmed that it had wired $138,501.00 to the Bank of America account of The Brotherhood of Men, Inc.

## PURCHASE OF THE VEHICLES

23. There is reason to believe that the defendant vehicles were purchased with funds withdrawn from the Bank of America bank account maintained by The Brotherhood of Men, Inc. and into which proceeds of the above-described fraud scheme had previously been deposited.

24. On October 30, 2006, McKinney purchased a Black, 2001 Mercedes Benz[5] from Best Auto Sales in Arlington, Virginia for $29,500. $20,000 of the purchase price was paid using a cashier's check from Bank of America and the balance was paid in cash.

25. On December 4, 2006, McKinney returned to Best Auto Sales in Arlington, Virginia and traded in this vehicle and purchased the defendant 2002 Gray BMW 745LI, VIN: WBAGN634X2DR0669. McKinney was given a $25,000 credit for the trade-in value of the

---

[4] McKinney and The Brotherhood of Men, Inc. had multiple accounts at Bank of America.

[5] This vehicle is not one of the defendant properties.

Mercedes Benz he purchased in October 2006, leaving $11,217 balance due on the new vehicle. Approximately two weeks later, McKinney returned and provided Best Auto Sales with a Bank of America cashier's check to pay off the balance owed.

26. The investigation revealed that a Bank of America cashier's check for $11,000 used in the purchase of the defendant BMW was purchased by the return of another Bank of America cashiers check payable to McKinney dated October 17, 2006. McKinney represented that the October 17, 2006 cashier's check was returned because it was "not used for purposes intended." The funds used to purchase the October 17, 2006 cashier's check were withdrawn from The Brotherhood of Men, Inc. Bank of America account no. xxxxxx7537.

27. On February 15, 2007, McKinney purchased the defendant 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653 at LAB Auctions in Lanham, Maryland for $16,700. McKinney used a Bank of America cashier's check to pay for the vehicle. McKinney purchased a cashier's check on February 14, 2007 for $17,000 by returning two cashier's checks, one dated January 16, 2007 for $5,000 and another dated January 17, 2006 for $10,350.01, representing that they were "not used for purposes intended." These checks were purchased at Bank of America using funds from Brotherhood of Men bank account no. xxxxxx7537. McKinney also withdrew $1,650 from his Bank of America account no. xxxxxx2008 to make up the balance of the $17,000 cashier's check.

## SEARCH WARRANT

28. On April 20, 2007, a search was conducted at the residence of Mr. McKinney, located at 1035 10th Street N.E., basement apartment, Washington, D.C. McKinney was the sole occupant of the basement apartment when law enforcement arrived. Mail matter and documents

addressed to McKinney were recovered from the bedroom, kitchen area and office area. Male clothing was found in the bedroom and the office area.

29. Recovered from the bedroom was $39,750 in cash, which was concealed in an air vent above the bed. Also recovered from the bedroom was $17,200 in cash which was concealed in a black jacket in bedroom closet. Recovered from a pair of pants located in the bedroom and later worn by McKinney was $1,079 cash.

30. The defendant 2002 Gray BMW 745LI, VIN: WBAGN634X2DR06697 and, the defendant 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653 were located on the street in the same block as McKinney's residence. Records checks revealed that the defendant vehicles were registered to Edna McKinney, McKinney's mother. Records indicate that Edna McKinney lives at 5311 Powhatan Road, Riverdale, Maryland.

## COUNT I

31. All statements and averments made in paragraphs 1-30 are re-alleged and incorporated, herein, by reference.

32. The defendant 2002 Gray BMW 745LI, VIN: WBAGN634X2DR06697 and the defendant 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653 are properties which constitute or are derived from proceeds traceable to violations of 18 U.S.C § 513, 18 U.S.C. § 1341 and 18 U.S.C. § 1343.

33. By reason of the above-described facts, the defendant properties are subject to forfeiture to the United States pursuant to the provisions of 18, U.S.C. § 981(a)(1)(C).

## COUNT II

34. All statements and averments made in paragraphs 1-30 are re-alleged and

incorporated, herein, by reference.

35. The defendant 2002 Gray BMW 745LI, VIN: WBAGN634X2DR06697 and the defendant 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653 are subject to forfeiture because they were involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of forged securities, mail fraud and wire fraud (18 U.S.C. §§ 513, 1341 and 1343), "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

36. As such, the defendant properties were involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT III

37. All statements and averments made in paragraphs 1-30 are re-alleged and incorporated, herein, by reference.

38. The defendant 2002 Gray BMW 745LI, VIN: WBAGN634X2DR06697 and, the defendant 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653 are properties involved in a violation of 18 U.S.C. § 1957(a) because the purchase of the vehicles were involved in a "monetary transaction" as that term is defined by 18 U.S.C. § 1957(f)(1), that was greater than $10,000.00 in value involving the proceeds of a "specified unlawful activity."

39. As such, the defendant vehicles are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, the United States of America prays that process of warrant issue for the

arrest of the defendant properties as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY
                        DC Bar No. 498610

                        _____
                        WILLIAM R. COWDEN
                        Assistant United States Attorney
                        DC Bar No. 426301

                        _____
                        DIANE G. LUCAS
                        Assistant United States Attorney
                        DC Bar No. 443610
                        555 4th Street, N.W.
                        Washington, DC 20530
                        (202) 514-7912

## VERIFICATION

I, Camille Wright, a Special Agent for the Internal Revenue Service, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States and information supplied to me by other law enforcement officers, investigation of this case, together with others, as a Special Agent of the IRS.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this __19th__ day of July, 2007.

_____
Camille Wright
Special Agent
Internal Revenue Service

**FILED**

JUL 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 1289

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
United States of America

**DEFENDANTS** One 2002 Gray BMW 745 LI, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz 500, VIN: WDBNG75J11A138653

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _11001_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Diane G. Lucas       (202) 514-7912
William R. Cowden
Assistant U.S. Attorneys
555 4th Street, NW, Room 4822
Washington, DC 20530

Case: 1:07-cv-01289
Assigned To : Walton, Reggie B.
Assign. Date : 7/19/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☒ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **J.** *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ **N.** *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
18 U.S.C. 981(a)(1)(A) and (a)(1)(C) pursuant to a violation of 18 U.S.C. §§ 1956 or 1957 (money laundering), forfeiture of property involved in a specifiied unlawful activity.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   ☐ NO   If yes, please complete related case form.

DATE July 19, 2007   SIGNATURE OF ATTORNEY OF RECORD   DIANE G. LUCAS
Assistant United States Attorney

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

