# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| c/o United States Attorney's Office | ) | |
| **Judiciary Center Building** | ) | |
| **555 4th Street, N.W.** | ) | **Civil Action No. 07-1289 (RBW)** |
| **Washington, D.C. 20530** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **One 2002 Gray BMW 745LI,** | ) | |
| **VIN: WBAGN634X2DR06697** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **One 2001 Silver Mercedes Benz S500,** | ) | |
| **VIN: WDBNG75J11A138653,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S MOTION TO STRIKE ANSWER AND OPPOSITION TO MOTION FOR RETURN OF SEIZED PROPERTY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully moves, pursuant to Rule G(5), Supplemental Rules for

Admiralty and Maritime Claims and Asset Forfeiture Actions, 18 U.S.C. §§ 983(a)(4)(A) and

(d)(6)(B) to strike the Answer and pursuant to 18 U.S.C. § 983(f)(1)(A)-(E), to deny the Motion

for Return of Seized Property filed by Duane McKinney ("McKinney"). As discussed in the

accompanying memorandum of points and authorities, the answer should be stricken because: 1)

McKinney lacks "statutory standing" to contest the forfeiture of the defendant vehicles because

he failed to file a verified claim before filing an answer; and 2) even if the answer could be

substituted as a verified claim, McKinney fails to assert what interest, if any, he has in the

defendant vehicles, and therefore, he lacks Article III "constitutional" standing.  McKinney's

motion to return the defendant vehicles is meritless because McKinney has not established

standing to defend the forfeiture of the defendant vehicles and therefore, is not entitled to their

return.  Moreover, McKinney fails to meet the requirements of 18 U.S.C. § 983(f)(1)(A)-(E) as

mandated by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), thus, McKinney's

motion for the return of property must be denied.

    A proposed Order is submitted herewith, along with a Memorandum of Points and

Authorities.

                                        Respectfully submitted,

                                        _/s/_____
                                        JEFFERY A. TAYLOR, D.C. Bar #498610
                                        United States Attorney


                                        _/s/_____
                                        WILLIAM R. COWDEN, D.C. Bar #426301
                                        Assistant United States Attorney


                                        _/s/_____
                                        DIANE G. LUCAS, D.C. Bar #443610
                                        Assistant United States Attorney
                                        Judiciary Center Building
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7912

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Motion to Strike Answer and Opposition to Motion to Return Seized Property, accompanying Memorandum, and Proposed Order was sent by U.S. Postal Service, certified mail, to Mr. Duane McKinney, *Pro se,* 1610 R Street S.E., #3,Washington, D.C. 20020 and 1035 10th Street, N.E., Washington, D.C. 20002 and to his criminal defense attorney, Bruce A. Johnson, Jr., Esquire, 4301 Northview Drive, Bowie, M.D. 20716 on this  25th  day of September, 2007.


/s/
DIANE G. LUCAS
Assistant United States Attorney

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| c/o United States Attorney's Office | ) | |
| **Judiciary Center Building** | ) | |
| 555 4th Street, N.W. | ) | **Civil Action No. 07-1289 (RBW)** |
| **Washington, D.C. 20530** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **One 2002 Gray BMW 745LI,** | ) | |
| **VIN: WBAGN634X2DR06697** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **One 2001 Silver Mercedes Benz S500,** | ) | |
| **VIN: WDBNG75J11A138653,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ANSWER**
**AND OPPOSITION TO MOTION FOR RETURN OF SEIZED PROPERTY**

This is the third forfeiture action wherein the United States moves to strike the answer of

Duane McKinney ("McKinney") on the ground that he lacks both "statutory" and

"constitutional" standing to contest the forfeiture of the defendant currency.[1]  A claimant in a

forfeiture action must have both "statutory standing" and Article III standing (case-or-

controversy) under the U.S. Constitution.  See United States v. $487,825.00, 484 F.3d 662, 664

(3d Cir. 2007).  Here, McKinney has neither.

First, McKinney lacks "statutory standing."  To obtain that standing, McKinney has to

---

[1]  See Civil Action Nos. 05-2402 and 06-1146.

meet the procedural requirements set forth in Rule G(5) Supplemental Rules for Certain

Admiralty and Maritime Claims and Asset Forfeiture Actions ("Rules") and 18 U.S.C. §

983(a)(4)(A), including filing a verified claim to the defendant vehicles.  McKinney never did so,

and thus, lacks "statutory standing" to contest the forfeiture.[2]

To demonstrate constitutional standing McKinney has to show that he possesses the

necessary interest in the defendant vehicles to make this action a "case or controversy" with

respect to him.  Even assuming *arguendo* that the answer McKinney filed could substitute for the

verified claim required by Rule G, McKinney failed to state any interest he has in the defendant

vehicles.  The defendant vehicles were not registered to McKinney, but to his mother.[3]  See

Document No. 1 at ¶ 30.  Thus, McKinney does not appear to have Article III standing to contest

the forfeiture even if he had filed a timely and proper Rule G verified claim.

## BACKGROUND

On April 20, 2007, as part of an on-going investigation into alleged criminal activities

involving McKinney and The Brotherhood of Men, Inc., law enforcement agents conducted a

search of the premises at 1035 10th Street N.E., Washington, D.C., pursuant to a valid federal

---

[2]  The new procedural rule governing civil forfeiture, Supplemental Rule G, went into effect in December 2006.  Filing a timely verified claim was also a procedural requirement under its predecessor, Supplemental Rule C(6).  Compare Supplemental Rule G(5)(a) and Supplemental Rule C(6).  Therefore, case law discussing the procedural requirements of Supplemental Rule C remains instructive when analyzing cases governed by Supplemental Rule G.

[3]  While McKinney did not assert his interest in the defendant vehicles, in the Complaint, the government alleges that the vehicles are actually traceable to proceeds of McKinney's fraudulent activities as set forth in the Complaint and the criminal indictment.  See Document No. 1.  ("Document No." refers to the docket number assigned to the electronically-filed documents in the instant matter.)  That the vehicles are titled to his mother is further evidence of McKinney's money laundering.

search warrant.  See Document No. 1 at ¶ 28.  McKinney was the sole occupant of the basement

apartment when law enforcement arrived to execute the search warrant.  Id.  Documents and mail

matter addressed to McKinney were recovered from three areas in the apartment.  Id.  Cash was

recovered from several locations in the bedroom: $39,750 concealed in an air vent; $17,200

recovered from a jacket in the closet; and $1,079 from a pair of pants, later worn by McKinney.

Id. at 29.  The defendant 2002 Gray BMW 745 LI and the defendant 2001 Silver Mercedes Benz

S500 were parked on the street in the same block as 1035 10th Street N.E., Washington, D.C.  Id.

at ¶ 30.  Records checks revealed that the defendant vehicles were registered to Edna McKinney,

McKinney's mother.  Records indicate that Edna McKinney lives in Riverdale, Maryland.  Id.

On July 19, 2007, the United States filed the instant forfeiture action against the

defendant vehicles in Civil Action No. 06-1289 and the Court issued a Warrant for Arrest *in rem*

and notice for the defendant vehicles.  See Documents No. 1, 3 and 4.  On July 29, 2007, copies

of the Complaint, Warrant of Arrest *In Rem* and the Notice of Forfeiture Action were mailed to

McKinney at his last known address and 1035 10th Street N.W., Washington, D.C.  See Exhibit

A.  On that same date, copies of the same documents were mailed to McKinney's then counsel in

the related criminal case, Howard Katzoff, Esquire.[4]  See Exhibit B.  Neither packet was returned

to the United States Attorney's Office.  Notice of the seizure was published three times in THE

WASHINGTON TIMES on August 9th, 16th and 23rd, 2007.  See Exhibit C.  As a result of the

mailings, any verified claim should have been filed with the Clerk of the Court by September 2,

2007.

On August 8, 2007, McKinney filed a document purporting to be a Verified Answer to

---

[4]  Criminal case no. 07-0113 (RBW).

6

Information and Notice of Forfeiture and Motion for Return of Seized Property.  But, the answer was not sworn to.  See Document No. 5.  Moreover, McKinney never filed a verified claim to the defendant vehicles before filing an answer as is required by the applicable rules.

## ARGUMENT

### I.   McKinney Lacks Standing to Contest the Forfeiture of Defendant Vehicles

Civil forfeiture is an *in rem* proceeding against the property.  See United States v. All Funds in Accounts (Banco Espanol de Credito), 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protect his interest"); United States v. One-Sixth Share, 326 F.3d 36, 40 (1st Cir. 2003) ("Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant.  Thus defenses against the forfeiture can be brought only by third parties, who must intervene").  Not everyone can intervene and defend a forfeiture action.  In order to defend a civil forfeiture action, the intervenor has the burden of proving his interest in the defendant property.

In a civil forfeiture case, a putative intervenor must establish that he or she has both "statutory standing" and Article III (case-or-controversy) standing.  See United States. v. $487,825.00, 484 F. 3d 662, 664 (3d Cir. 2007).  "The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution."  Castella, Steffan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4, at 22-23 (2006).

McKinney, who needs both "statutory" standing and Article III standing to contest the

forfeiture of the defendant vehicles, has neither. McKinney's failure to file any verified claim precludes him from having "statutory" standing. Even if the answer could be considered a "claim," it was not "verified" as required by Rule G(5). Moreover, McKinney lacks Article III standing because he fails to assert an interest in the defendant vehicles that would allow him to defend their forfeiture.

**A.      McKinney Failed to Comply with the Statutory Prerequisites Governing One's Right to Appear on Behalf of a Defendant in a Civil Forfeiture Case.**

"In order to have statutory standing, the claimant must show he has met the procedural pleading requirements of [18 U.S.C. ] § 983(a)(4) and Rule G(5), including, filing a timely verified claim and answer . . . " Casella, Steffan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4, at 25 (2006). A verified statement of interest or claim requires, "[a]ny party who wishes to defend a forfeiture action [will] be forced to swear to his interest in the forfeited property." United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir.1986) (citations omitted); see also United States v. Commodity Account No. 54954930 at Saul Stone & Co., 219 F.3d 595, 597-598 (7th Cir. 2000) ("[v]erification forces the claimant to place himself at risk of perjury for false claims" and failure to verify the claim results in dismissal for lack of statutory standing).

Rule G(5) --  like Rule C(6) before it -- seeks to eliminate wasting judicial resources by allowing only those individuals who truly have an interest in a defendant property, and are willing to swear to that interest, to intervene and contest a forfeiture. In filing a claim, Supplemental Rule G(5) requires,

(a) Filing a Claim.
        (I) A person who asserts an interest in the defendant property may contest the

forfeiture by filing a claim in the court where the action is pending.  The claim must:

> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury; and
> (D) be served on the government attorney designated under Rule G(4)(A)(ii)(C) or (b)(ii)(D).

Rule G(5)(a)(I).

In this case, regarding the defendant vehicles, McKinney never filed a verified claim. Thus, he has no "statutory standing" to intervene.  McKinney's answer does not even allege an interest in the defendant vehicles, nor is it sworn to.  Thus, it cannot be considered a substitute verified claim.  Given that the defendant vehicles are registered to McKinney's mother, the absence of a sworn statement of interest is telling.  The procedural rules were designed to force an individual to swear to his or her interest at the outset of every case so that the appropriate parties are litigating the forfeiture.

The filing of a timely verified claim under Supplemental Rule G(5) and 18 U.S.C. § 983 (a)(4)(A) is a jurisdictional prerequisite to a claimant's ability to contest a federal *in rem* forfeiture action.  See United States v. $2,857.00, 754 F.2d 208, 213 (7th Cir. 1985).  The procedural rules are clear, "[a] verified claim in a forfeiture *in rem* action must be filed by the claimant in order for the claimant to acquire 'statutory standing.'  Therefore, a claimant wishing to defend all or part of a defendant vehicles in a civil forfeiture case must satisfy [the] verified claim requirement."  United States v. One 1990 Mercedes Benz, 926 F. Supp. 1, 3 (D.D.C. 1996) (citations omitted).  In order for a claimant to have standing, "[g]enerally, strict compliance with the time periods of CAFRA and [Rule G(5)'s predecessor] is required."  United States v. $41,437.00 U.S. Vehicles, 242 F. Supp.2d 193, 195 (W.D.N.Y. 2002), citing, United States v.

Amiel, 995 F.2d 367, 371 (2d Cir. 1993). The filing of a verified claim is a prerequisite to the

filing of an answer, and confers standing on a claimant to contest a forfeiture. United States v.

One Dairy Farm, 918 F.2d 310, 311 (1st Cir.1990). "If a putative claimant fails to file a verified

claim or otherwise follow the provisions set forth in [the Supplemental Rules], it is within the

court's discretion to strike the deficient claim." United States v. Funds from Prudential

Securities et al., 300 F. Supp. 2d 99, 103 (D.D.C. 2004) (citing United States v. One 1990

Mercedes Benz 300 CE, 926 F. Supp. 1, 4 (D.D.C. 1996).[5] The failure to file a timely claim,

standing alone, is sufficient to disqualify a potential claimant. United States v. One-Sixth Share

of James J. Bulger in [Lottery Proceeds], 326 F.3d 36, 41-42 (1st Cir. 2003).

Supplemental Rule G(5)(a)(ii)(A) requires that a person to whom direct notice of the

forfeiture action has been sent must file a verified claim within 35 days after the notice was sent.

See Exhibit A; see also Rule G(4)(b)(ii)(B). 18 U.S.C. § 983(a)(4)(A), also references the

Supplemental Rules and requires that a claimant file a claim no later than 30 days after service or

publication and an answer within 20 days after filing a claim. Likewise, pursuant to Rule

G(5)(b), an answer must be served and filed within 20 days after filing the claim.

McKinney did not file any verified claim with this Court, much less a timely one, and he

failed to comply with the requirements of Rule G(5) despite notice of the forfeiture action. This

failure is fatal to any effort of his to contest the forfeiture because he lacks "statutory standing."

---

[5] Courts have sometimes excused less than strict compliance for good cause shown. See United States v. Real Property Located at Incline Village, et al., 976 F. Supp. 1321, 1325 (D. Nev.1997) (citing, United States v. Borromeo, 945 F.2d 750 (4th Cir. 1991)); see also United States v. One 1978 Piper Navajo Aircraft, 748 F.2d 316, 318 (5th Cir. 1984); United States v. $83,686.00, 2007 WL 2238824 (D.D.C. July 9, 2007). Regardless, McKinney cannot show good cause or "excusable neglect" for failing to file a timely verified claim.

Because of McKinney's failure to meet the "statutory standing" requirements set forth in Supplemental Rule G(5) and 18 U.S.C. § 983(a)(1)(A), he is precluded from contesting the forfeiture action, and his answer should be stricken.

**B.    McKinney Lacks Standing Under Article III To Contest Civil Forfeiture Action**.

Assuming *arguendo* that McKinney has "statutory standing," he still cannot establish that he has Article III standing to contest the forfeiture of the defendant vehicles.  In every civil forfeiture case, a claimant must show that he has standing to contest the forfeiture under Article III of the U.S. Constitution.  Whether a claimant or any other litigant has standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975).

To establish "constitutional" standing in a forfeiture case, a claimant bears the burden of demonstrating a "facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement." United States v. $81,000.00, 189 F.3d 28, 35 (1st Cir. 1999); see also Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000); United States v. 1998 BMW "I" Convertable, 235 F.3d 397, 399 (8th Cir. 2000); United States v. Contents of Accounts (Friko Corporation), 971 F.2d 974, 985 (3d Cir. 1992).  "A claimant is generally able to establish Article III standing by showing that he or she has a colorable ownership, possessory, or secured interest in the defendant property."  Casella, Steffen D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4, at 25 (2006).  A claimant does not have to establish ownership to have standing; however, ownership is one way of establishing standing.  Id., at § 10-2.  But, if a claimant asserts an ownership interest as the basis for his standing to contest the forfeiture, "he

must fall within the definition of 'owner' in § 983(d)(6)." Id., at 10-3.

McKinney's answer fails to address whether he has any interest, whatsoever, in the defendant vehicles. See Document No. 5. Furthermore, the defendant vehicles are registered in his mother's name. See Document No. 1 ¶ 30. Thus, McKinney lacks Article III standing to defend the forfeiture of the defendant vehicles.

## II.   McKinney is not Entitled to Release of Defendant Vehicles.

McKinney's motion for the release of the defendant properties is without merit and should be denied. McKinney motion utterly fails to address why the Court should release the defendant properties to him. Indeed, he does not even have standing to contest the forfeiture of the defendant properties, much less, a demonstrated interest in the defendant vehicles that would require their release to him.

In post CAFRA cases, the release of seized property pre-trial is governed by 18 U.S.C. § 983(f)(1)(A)-(E). 18 U.S.C. § 983(f) states:

(f) **Release of seized property–**

(1) A claimant under subsection (a) is entitled to immediate release of seized property if–
   (A) the claimant has a possessory interest in the property;
   (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
   (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
   (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceedings; and
   (E) none of the conditions set forth in paragraph (8) applies.

12

18 U.S.C. § 983(f).  McKinney fails to meet, let alone address, any of these requirements in his motion.

As a threshold matter, McKinney's failure to file the requisite verified claim asserting the basis of his interest in the defendant vehicles and the lack of any assertion of McKinney's interest in the defendant vehicles in the motion precludes the defendant vehicles' pre-trial release to him.[6] McKinney's foremost obstacle is that he is not a proper claimant and, therefore, he is without standing to bring the instant motion for return of property.  18 U.S.C. § 983(f) states that only a "claimant" is entitled to seek the release of seized property.  18 U.S.C. § 983(a)(4)(A) provides that in a judicial forfeiture, a person claiming an interest in seized property must file a claim as set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims.  As discussed in Section I above, Supplemental Rule G(5) requires that for an individual to become a "claimant" in a civil forfeiture action, he or she must first file a claim, under oath, that both identifies the specific property being claimed, and states the individual's interest in the property being claimed.[7]  See Section, I, infra at pp. 7-11.  Because McKinney is not a proper claimant, he lacks standing to file a motion for the release of the defendant vehicles and the motion should be

---

[6]  There are other forfeiture matters before this Court wherein McKinney has attempted to intervene in the proceedings and gain the release of one or more of the defendant properties.  See Civil Action Nos.  05-2404 and 06-1146.  Given McKinney's experience in those matters, there is no explanation for McKinney's failure even to attempt to comply with the requirements set forth in 18 U.S.C. § 983(f).

[7]  McKinney also failed to comply with 18 U.S.C. § 983(f)(2), which requires that before a claimant petitions the district court for release of seized property, he or she must "request possession of the property from the appropriate official, and the request must set forth the basis on which the requirements of paragraph (1) are met."  McKinney has made no effort to show that he made such a request.

denied.

McKinney also failed to address whether he has sufficient ties to the community to assure the availability of the vehicles at trial.  Nor does McKinney make any assertion that he has suffered a substantial hardship because of the seizure of the defendant vehicles, or how any hardship would outweigh the risk that the vehicles would be destroyed, damaged, lost, concealed, or transferred if released.  Indeed, McKinney fails to assert any hardship he has suffered as a result of the seizure of the defendant vehicles.  18 U.S.C. § 983(f)(1)(D).  McKinney cannot guarantee that the defendant vehicles will be available for trial.  See United States v. $1,231,349.68 in Funds, 227 F. Supp. 2d 125 (D.D.C. 2002) ( denying pretrial release of seized cash because the likelihood that it would be unavailable for trial is "almost assured").  Thus, the risk of releasing the defendant vehicles to McKinney far outweighs any hardship.

McKinney's motion for the release of the defendant vehicles must be denied.

## CONCLUSION

McKinney lacks both "statutory standing" and Article III standing because:  1) he failed to file a verified claim or statement of interest; and 2) he does not assert any interest in the defendant vehicles in which to establish Article III standing.  The answer, should therefore, be stricken.  Further, McKinney fails to meet the requirements of 18 U. S. C. § 983(f) and therefore, has no right to the release of the defendant vehicles and his motion should be denied.

14

WHEREFORE, for the forgoing reasons, the United States moves the Court to strike the

Answer and to deny the motion for the release of the defendant vehicles.

Respectfully submitted,

_/s/_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney


_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney


_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912

15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| c/o United States Attorney's Office | ) | |
| **Judiciary Center Building** | ) | |
| **555 4th Street, N.W.** | ) | **Civil Action No. 07-1289 (RBW)** |
| **Washington, D.C. 20530** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **One 2002 Gray BMW 745LI,** | ) | |
| **VIN: WBAGN634X2DR06697** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **One 2001 Silver Mercedes Benz S500,** | ) | |
| **VIN: WDBNG75J11A138653,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

On July 19, 2007, the United States filed a Verified Complaint for Forfeiture *In Rem* against the defendant vehicles. In the Complaint, the United States alleged that the defendant vehicles constituted or were derived from proceeds traceable to a "specified unlawful activity" and/or were involved in money laundering, and are, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

1) That direct notice of the forfeiture action was sent to Duane McKinney and his attorney in a related criminal case, Criminal case no. 07-0113. Further, that Notice of the seizure of the defendant vehicles were published three time in THE WASHINGTON TIMES on August 9th, 16th, and 23rd, 2007;

1

2) That on August 8, 2007, Duane McKinney filed a document labeled Answer and Motion for Return of Seized Property;

3) That Duane McKinney did not file the requisite verified claim within the time permitted by 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and, therefore, he lacks statutory standing to challenge the forfeiture of the defendant vehicles;

4) That, Duane McKinney failed to assert any interest in the defendant vehicles and thus, Duane McKinney also lacks standing under Article III of the United States Constitution to challenge the forfeiture of the defendant vehicles;

5) That Duane McKinney is not entitled to the release of the defendant vehicles pursuant to 18 U.S.C. § 983(f).

Now, therefore, on motion of the plaintiff, the United States of America, to Strike the Answer and on Duane McGivney's Motion for Return of Seized Property, and any oppositions filed thereto, and the record herein, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Answer filed by Duane McKinney on August 8, 2007 is hereby stricken; and it is further.

**ORDERED** that the Motion for Return of Seized Property is hereby denied.

Dated this _____ day of _____, 2007.

_____
REGGIE B. WALTON
United States District Judge

2

cc:

Diane G. Lucas
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 Fourth Street, N.W., Room 4822
Washington, D.C. 20530

Mr. Duane McKinney, *Pro se*
1610 R Street SE, Apartment #3
Washington, DC 20020

and

Mr. Duane McKinney, *Pro se*
1035 10th Street, NE
Washington, DC 20002

Bruce Johnson, Esq.
4301 North view Drive
Bowie, Maryland 20716



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 27, 2007

**SENT VIA REGULAR US MAIL**

Mr. Duane McKinney
1610 R Street, SE, #3
Washington, DC 20020

### Re:  NOTICE OF FORFEITURE ACTION

To:  Mr. McKinney:

    The United States Attorney's Office for the District of Columbia filed a Verified Complaint for Forfeiture *in Rem* in U.S. District Court for the District of Columbia on July 19, 2007 against the property identified as One 2002 Gray BMW 745 Li, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653.  Enclosed you will find the Complaint, Warrant of Arrest *in Rem* and the Notice of Forfeiture Action.

    If you should have any questions, please contact me at (202) 514-7912.

        Sincerely,

        /s/

        DIANE G. LUCAS
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W., Room 4822
        Washington, DC  20530

Enclosures

                                        **Exhibit A**
                              *United States v. One 2002 Gray BMW 745LI,*
                              *VIN: WBAGN634X2DR06697, et al.,*
                              Civil Action No. 07-1289 (RBW)

*Lucas - 4822*

**U.S. Department of Justice**
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20001 20530

Official Business
Penalty for Private Use $300

Mr. Duane McKinney
1610 R Street, SE
Apartment #3
Washington, DC  20020

7/27/07 Sent via First-class, U.S. Mail to:  Mr.
McKinney, 1610 R St SE, #3, Washington, DC 20020,

Copies of Notice of Forfeiture Action, Warrant for Arrest *in
Rem*, and Verified Complaint for Forfeiture *in Rem* in USA
v. One 2002 Gray BMW 745 Li, VIN:
WBAGN634X2DR06697 and One 2001 Silver Mercedes
Benz S500, VIN: WDBNG75J11A138653.

**Exhibit A**
*United States v. One 2002 Gray BMW 745LI,
VIN: WBAGN634X2DR06697, et al*,
Civil Action No. 07-1289 (RBW)



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 27, 2007

**SENT VIA FIRST-CLASS U.S. MAIL**

Mr. Duane McKinney
1035 10th Street, NE
Washington, DC 20002

  **Re:  NOTICE OF FORFEITURE ACTION**

To:  Mr. McKinney:

  The United States Attorney's Office for the District of Columbia filed a Verified Complaint for Forfeiture *in Rem* in U.S. District Court for the District of Columbia on July 19, 2007 against the property identified as One 2002 Gray BMW 745 Li, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653.  Enclosed you will find the Complaint, Warrant of Arrest *in Rem* and the Notice of Forfeiture Action.

  If you should have any questions, please contact me at (202) 514-7912.

    Sincerely,

    /s/
    DIANE G. LUCAS
    Assistant United States Attorney
    United States Attorney's Office
    555 Fourth Street, N.W., Room 4822
    Washington, DC  20530

Enclosures

        **Exhibit A**
        *United States v. One 2002 Gray BMW 745LI,*
        *VIN: WBAGN634X2DR06697, et al.,*
        Civil Action No. 07-1289 (RBW)

Lucas - 4822

**U.S. Department of Justice**
U.S. Attorney's Office

555 Fourth Street, N.W.
Washington, D.C. 20001.  20530

Official Business
Penalty for Private Use $300

Mr. Duane McKinney
1035 10th Street, NE
Washington, DC  20002

7/27/07 Sent via First-class U.S. Mail to Mr.
McKinney, 1035 10th St NE, Washington, DC 20002,

Copies of Notice of Forfeiture Action, Warrant for Arrest *in
Rem*, and Verified Complaint for Forfeiture *in Rem* in USA
v. One 2002 Gray BMW 745 Li, VIN:
WBAGN634X2DR06697 and One 2001 Silver Mercedes
Benz S500, VIN: WDBNG75J11A138653.

**Exhibit A**
*United States v. One 2002 Gray BMW 745LI,
VIN: WBAGN634X2DR06697, et al.,*
Civil Action No. 07-1289 (RBW)

Lucas- 4822

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.  07-1289 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **One 2002 Gray BMW 745LI,** | ) | |
| **VIN: WBAGN634X2DR06697** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **One 2001 Silver Mercedes Benz S500,** | ) | |
| **VIN: WDBNG75J11A138653,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF FORFEITURE ACTION

On July 19, 2007, the United States Attorney for the District of Columbia filed a Verified Complaint for Forfeiture in the United States District Court for the District of Columbia against: One 2002 Gray BMW 745 Li, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz S500, VIN WDBNG75J11A138653.  This lawsuit is brought under the provisions of 18 U.S.C. § 981(a)(1)(A) and § 981(a)(1)(C).

Pursuant to 18 U.S.C. § 983 and Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, direct notice of this action is being sent to **Mr. Duane McKinney and his counsel, Howard B. Katzoff, Esq.**  Individuals who intend to assert an interest in the defendant property and contest the forfeiture must file a verified Claim in the United States District Court, District of Columbia, 333 Constitution Avenue, NW, Washington, DC 20001 under case *USA v. One 2002 Gray BMW 745 LI, VIN: WBAGN634X2DR06697, et al.*, 07-CV-1289 (RBW), **within 35 days** of the Government's sending of this Notice, in accordance with Supplemental Rule G(5).  Additionally, claimants must serve and file Answers to the Complaint, or motions under Rule 12 of the Federal Rules of Civil Procedure, **within 20** days after filing their verified Claims.

Claims must comply with Supplemental Rule G(5)(a), and Claims and Answers are to be filed with the Clerk, United States District Court for the District of Columbia at the address listed above, with a copy thereof served on the undersigned Assistant United States Attorney at the address listed below.

Date Sent:  July 27th, 2007

JEFFREY A. TAYLOR
United States Attorney

**Exhibit A**
*United States v. One 2002 Gray BMW 745LI,*
*VIN: WBAGN634X2DR06697, et al.,*
Civil Action No. 07-1289 (RBW)

_/s/_

BY:    DIANE G. LUCAS
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW, Room 4822
Washington, DC 20530
(202) 514-7912

**Exhibit A**
*United States v. One 2002 Gray BMW 745LI,*
*VIN: WBAGN634X2DR06697, et al.,*
Civil Action No. 07-1289 (RBW)

-2-



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

_____

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 27, 2007

**SENT VIA REGULAR US MAIL**

Howard B. Katzoff, Esq.
717 D Street, NW, Suite 310
Washington, DC 20004

### Re: NOTICE OF FORFEITURE ACTION

To: Mr. Katzoff:

The United States Attorney's Office for the District of Columbia filed a Verified Complaint for Forfeiture *in Rem* in U.S. District Court for the District of Columbia on July 19, 2007 against the property identified as One 2002 Gray BMW 745 Li, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653. Enclosed for your client, Mr. Duane McKinney, you will find the Complaint, Warrant of Arrest *in Rem* and the Notice of Forfeiture Action.

If you should have any questions, please contact me at (202) 514-7912.

Sincerely,

/s/

DIANE G. LUCAS
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 4822
Washington, DC 20530

Enclosures

**Exhibit B**
*United States v. One 2002 Gray BMW 745LI,*
*VIN: WBAGN634X2DR06697, et al.,*
Civil Action No. 07-1289 (RBW)

Lucas - 4822

**U.S. Department of Justice**
U.S. Attorney's Office

555 Fourth Street, N.W.
Washington, D.C. 20001  20530

Official Business
Penalty for Private Use $300

Howard B. Katzoff, Esq.
717 D Street, NW, Suite 310
Washington, DC  20004

7/27/07 Sent via First-class, U.S. Mail to: Counsel
for Mr. Duane McKinney, Howard B. Katzoff, Esq.,
717 D St NW, Suite 310, Washington, DC 20004,

Copies of Notice of Forfeiture Action, Warrant for Arrest *in
Rem*, and Verified Complaint for Forfeiture *in Rem* in USA
v. One 2002 Gray BMW 745 Li, VIN:
BAGN634X2DR06697 and One 2001 Silver Mercedes Benz
S500, VIN: WDBNG75J11A138653.

**Exhibit B**
*United States v. One 2002 Gray BMW 745LI,
VIN: WBAGN634X2DR06697, et al.,*
Civil Action No. 07-1289 (RBW)

## AFFIDAVIT OF PUBLICATION

**AD# 10162725**

DISTRICT OF COLUMBIA, ss,
Personally appeared before me, <u>CLAIRE VALLOWE,</u>
a Notary Public in and for the District of Columbia

<u>CARL S. JOHNSON</u> who is being duly sworn according to law, an oath says that he is
an AUTHORIZED AGENT of THE WASHINGTON TIMES, L.L.C., publisher of

## The Washington Times

Circulated daily, in the City of Washington, District of Columbia,
and that the advertisement, of which the annexed is a true copy was
published in said newspaper <u>3</u> time(s) on the following dates:

<u>2007 AUGUST 9, 16 & 23</u>

at the rate of <u>$ 2.91</u> per line.

Total Cost <u>$ 907.92</u> Dollars

Subscribed and sworn to before me

<u>AUGUST 23, 2007</u>

Notary Public

CLAIRE L. VALLOWE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 14, 201?

My Commission expires _____

**NOTICE**

NOTICE IS HEREBY GIVEN that by virtue of a Warrant for Arrest in Rem, issued by the U.S. District Court for the District of Columbia, in an action entitled United States v. One 2002 Gray BMW 745 LI, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A139853, law enforcement agents for the Department of the Treasury arrested on August 3, 2007, one 2002 Gray BMW 745LI and one 2001 Silver Mercedes Benz S500, said property described above under Civil Action No. 07-1289-RBW and filed on July 19, 2007, with the Clerk of the Court for the District of Columbia for violations of 18 U.S.C. § 981 and which action requests that the said property be seized for condemnation and confiscation and requests such costs and disbursements as decreed by the Court. Any person who is entitled to possession, or claiming an interest in or to said property, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedures, within 30 days after the earlier of (1) receiving actual notice of execution of process, or (2) the publication of this notice, must file a verified claim with the Clerk of the Court, U.S. District Court for the District of Columbia and make service upon the attorney for the plaintiff and must serve their answers within 20 days after the filing of their verified claims. All interested persons should file claims and answers within the time so fixed, or be defaulted and said property be condemned and forfeited to the use of the United States of America. Diane G. Lucas, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

August 9th, 2007
August 16th, 2007
August 23rd, 2007

AD#10162725

**Exhibit C**
*United States v. One 2002 Gray BMW 745LI,*
*VIN: WBAGN634X2DR06697, et al.,*
Civil Action No. 07-1289 (RBW)