UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil Action No. 07-1289 (RBW) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| One 2002 Gray BMW 745LI, ) | |
| VIN: WBAGN634X2DR06697 ) | |
| ) | |
| and ) | |
| ) | |
| One 2001 Silver Mercedes Benz S500, ) | |
| VIN: WDBNG75J11A138653, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S REPLY TO DUANE MCKINNEY'S**
**OPPOSITION TO STRIKE ANSWER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to Duane McKinney's ("McKinney's) opposition to plaintiff's motion to strike answer and entry of default judgment and judgement of forfeiture against the *in rem* defendant currency [sic]. In support of said reply, plaintiff states the following. On September 25, 2007, plaintiff filed a motion to strike answer and opposition to motion for return of seized property. See Document No. 6. On November 19, 2007, McKinney filed an opposition to that motion with the Court. See Document No. 7. This one page opposition addresses none of the issues raised in the government's motion, specifically, that McKinney lacks both "statutory standing" and Article III standing to contest the forfeiture of the defendant vehicles. Instead, without citing any authority for his request, McKinney moves for a stay of the civil case stating that the instant matter is "in the criminal indictment and therefore it

cannot be separated . . ." Id.

Upon a motion by a claimant, 18 U.S.C. § 981(g)(2) requires the Court to stay a civil forfeiture action when three conditions are met. 18 U.S.C. § 981(g)(2) specifically provides,

> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if he court determines that–
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceedings; and
>
> (C) continuation of he forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

Here, McKinney has not established his standing to contest the forfeiture–a statutory threshold requirement to obtaining a stay in a civil forfeiture proceeding as well as becoming a claimant in the action. Moreover, the dispositive motion does not in any way rest upon the outcome of Mr. McKinney's criminal matter.

Therefore, the plaintiff opposes McKinney's motion to stay the proceedings in this matter and requests that the Court grant the government's motion to strike the answer and deny the motion for the release of the defendant vehicles.

Respectfully submitted,

 /s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

 /s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

        /s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of plaintiff's Reply to Duane McKinney's Opposition to Motion to Strike Answer was sent by U.S. Postal Service, First-Class postage paid, to Mr. Duane McKinney, *pro se,* 1035 10th Street, N.E., Washington, D.C. 20002 and to Mr. Duane McKinney, *Pro se,* 1610 R Street SE, Apartment #3, Washington, DC 20020 and to his criminal defense attorney, Christopher M. Davis, Esquire, 415 10th Street, N.W., 9th Floor, Washington, D.C. 20005, on this 30th day of November, 2007.

        /s/_____
DIANE G. LUCAS
Assistant United States Attorney