## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Civil Action No. 07-1289 (RBW)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **One 2002 Gray BMW 745LI,** | ) | |
| **VIN: WBAGN634X2DR06697,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **One 2001 Silver Mercedes Benz S500,** | ) | |
| **VIN: WDBNG75J11A138653,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S SECOND MOTION TO STRIKE ANSWER AND
## OPPOSITION TO MOTION FOR RETURN OF SEIZED PROPERTY

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully moves, pursuant to both Rule G(5), Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions, and 18 U.S.C. § 983(a)(4)(A), to

strike the answer filed by Edna McKinney ("Ms. McKinney").  Coincidentally, and for similar

reasons, under the authority set forth at 18 U.S.C. § 983(f)(1)(A)-(E), the Court should deny the

motion for return of seized property filed by Ms. McKinney.[1]  As discussed in the accompanying

memorandum of points and authorities, Ms. McKinney lacks "statutory standing" to contest the

---

[1]  There are a number of related civil forfeiture actions, and a criminal matter involving
Duane McKinney.  See Civil Action Nos. 05-2404, 06-1146, 07-1480, and Criminal No. 07-113.
The Court, in the other civil matters, has stayed the proceedings pending the adjudication of the
criminal matter, which is scheduled for trial on January 16, 2008.  In reviewing the Court's
docket, the United States learned that the Court has not stayed the instant matter.  It appears that
the Court's basis for staying the other civil matters would apply equally to the instant matter, and
the government would not oppose a brief stay.

forfeiture of the defendant vehicles because she failed to meet the prerequisites to intervene.

Specifically, she failed to file a timely, and verified claim to either of the two defendant vehicles.

Thus, she has no "right" to file an answer (or otherwise intervene), and her answer should be

stricken.  Ms. McKinney's motion for return of the vehicles to her also should be rejected

because she failed to meet several of the requirements mandated by the Civil Asset Forfeiture

Reform Act of 2000 ("CAFRA"), specifically codified at 18 U.S.C. § 983(f)(1)(A)-(E).  In short,

Ms. McKinney has not established a legal basis to seek any relief from the instant forfeiture case.

Thus, Ms. McKinney's motion for the return of property must be denied.

 A proposed Order is submitted herewith, along with a Memorandum of Points and

Authorities.

     Respectfully submitted,

     _/s/_____
     JEFFERY A. TAYLOR, D.C. Bar #498610
     United States Attorney

     _/s/_____
     WILLIAM R. COWDEN, D.C. Bar #426301
     Assistant United States Attorney

     _/s/_____
     DIANE G. LUCAS, D.C. Bar #443610
     Assistant United States Attorney
     Judiciary Center Building
     555 4th Street, N.W.
     Washington, D.C. 20530
     (202) 514-7912
     Diane.Lucas@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Second Motion to Strike Answer and Opposition to Motion to Return Seized Property, accompanying Memorandum, and Proposed Order was sent by U.S. Postal Service, certified mail, to Ms. Edna KcKinney, at a specific address in the 5000 block of Powhatan Street, Riverdale, M.D. 20737-2145 and to Mr. Duane McKinney at a specific address in the 1000 block of 10th Street N.E., Washington, DC 20002 and to Mr. McKinney's criminal defense attorney, Christopher Michael Davis, Esquire, 514 10th Street N.W., 9th Floor, Washington, D.C. on this 22nd day of January, 2008.

/s/
_____
DIANE G. LUCAS
Assistant United States Attorney

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Civil Action No. 07-1289 (RBW)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **One 2002 Gray BMW 745LI,** | ) | |
| **VIN: WBAGN634X2DR06697,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **One 2001 Silver Mercedes Benz S500,** | ) | |
| **VIN: WDBNG75J11A138653,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S SECOND MOTION
### TO STRIKE ANSWER AND OPPOSITION
### TO MOTION FOR RETURN OF SEIZED PROPERTY

The United States moves to strike the answer of Edna McKinney ("Ms. McKinney") on

the ground that she failed to meet two of the statutory prerequisites to contest the forfeiture of the

defendant vehicles, by failing to file a timely, and verified claim.  Because Ms. McKinney failed

to meet these prerequisites to intervene, she lacks "statutory standing."  A claimant in a forfeiture

action must have both statutory standing and Article III standing (case-or-controversy) to contest

a civil forfeiture.  See United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 664 (3d Cir.

2007).  The defendant vehicles are registered to Ms. McKinney, so on the surface, she appears to

have Article III standing.[1]  See Document No. 1 at ¶ 30.  But, regardless of whether Ms.

_____

[1] Despite the fact that the vehicles are registered to Ms. McKinney, the United States has
reason to believe that Ms. McKinney is a mere nominee.  The government alleges that her son,
Duane McKinney, bought the vehicles with proceeds derived from his fraudulent activities as set
forth in the Complaint and his criminal indictment.  See Document No. 1  ("Document No."
refers to the number assigned to the electronically-filed documents in the instant matter), and

McKinney has Article III standing – or is a mere nominee – Ms. McKinney lacks statutory standing to enter this litigation. Accordingly, her answer should be stricken.

For the same reason, Ms. McKinney also lacks standing to request the return of the defendant vehicles pursuant to 18 U.S.C. § 983(f)(1)(A)-(E). Moreover, Ms. McKinney never set forth a basis that would support return of either of the defendant vehicles to her during the pendency of this case. Thus, her request that the vehicles be returned to her now should be denied.

## BACKGROUND

On April 20, 2007, as part of an on-going investigation into alleged criminal activities involving Duane McKinney and The Brotherhood of Men, Inc., law enforcement agents conducted a search of the premises at 1035 10th Street N.E., Washington, D.C., pursuant to a valid federal search warrant. See Document No. 1 at ¶ 28. Duane McKinney was the sole occupant of the basement apartment when law enforcement arrived to execute the search warrant. Id. Documents and mail matter addressed to Duane McKinney were recovered from three areas in the apartment. Id. Cash was recovered from several locations in the bedroom: $39,750 concealed in an air vent; $17,200 recovered from a jacket in the closet; and $1,079 from a pair of Duane McKinney's pants. Id. at ¶ 29. The defendant 2002 Gray BMW 745LI and the defendant 2001 Silver Mercedes Benz S500 were parked on the street in the same block as 1035 10th Street N.E., Washington, D.C. Id. at ¶ 30. Records checks revealed that the defendant vehicles were registered to Edna McKinney, Duane McKinney's mother. Records indicate that Ms. McKinney lives in Riverdale, Maryland – not in Washington, D.C. Id.

---

Criminal Case No. 07-113.

On July 19, 2007, the United States filed the instant forfeiture action against the

defendant vehicles and the Court issued a warrant for arrest *in rem* for the defendant vehicles.

See Documents No. 1, 3 and 4.  On September 24, 2007 and November 1, 2007, the government

sent (by certified and regular first-class mail) copies of the complaint, warrant for arrest *in rem*

and notice of forfeiture action to Ms. McKinney at her last known address.[2]  See Exhibit A.

Notice of the seizure was published three times in THE WASHINGTON TIMES on August 9th, 16th

and 23rd, 2007.  See Exhibit B.  As a result of the mailings, any verified claim Ms. McKinney

intended to file was due by December 8, 2007.  See Supplemental Rule G(5).

On November 29, 2007, Ms. McKinney filed a document purporting to be a Verified

Answer to Information and Notice of Forfeiture and Motion for Return of Seized Property.  See

Document No. 10.  But, she did not swear to the answer.  Id.  Moreover, Ms. McKinney never

filed a verified claim to the defendant vehicles before filing an answer as is required by the

applicable rules.

## ARGUMENT

**I.      Ms. McKinney Lacks Standing to Contest the Forfeiture of the Defendant
Vehicles Because She Failed to File a Timely Claim, and a Verified Claim,
Two Statutory Prerequisites to a Person's Right to Appear on Behalf of a
Defendant Property in a Civil Forfeiture Case.**

Civil forfeiture is an *in rem* proceeding against property.  But, although the property is the

defendant in such cases, the defendant property cannot defend itself.  Instead, those persons who

have an interest in the defendant, and who wish to challenge the forfeiture of the property, must

---

[2]  In July 2007, notice was sent to Duane McKinney and an attorney representing him at
that time in the criminal matter.  Duane McKinney responded by filing an answer and motion for
the return of property similar to the one herein.  See Document No. 5.

come forward to properly intervene in the *in rem* proceeding. "Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protect his interest." United States v. All Funds in Accounts (Banco Espanol de Credito), 295 F.3d 23, 25 (D.C. Cir. 2002). "Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant. Thus defenses against the forfeiture can be brought only by third parties, who must intervene." United States v. One-Sixth Share of James J. Bulger in [Lottery Proceeds], 326 F.3d 36, 40 (1st Cir. 2003).

Not everyone can properly intervene in order to defend a forfeiture action. In order to defend a civil forfeiture action, a would-be intervenor must first establish that he or she has a sufficient interest in the defendant property to challenge its forfeiture. In short, a putative intervenor must establish that he or she has both statutory standing and Article III (case-or-controversy) standing. See $487,825.00 in U.S. Currency, 484 F.3d at 664. "The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution." Cassella, Stefan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4, at 22-23 (2006).

Ms. McKinney, who needs both statutory standing and Article III standing to contest the forfeiture of the defendant vehicles, does not have statutory standing. (She may lack Article III standing, too, if the vehicles are nominally in her name, but not, in fact, hers.) Ms. McKinney lacks statutory standing because she did not file a verified claim before filing her answer. Nor

4

did she file any claim on time.

"In order to have statutory standing, the claimant must show he has met the procedural pleading requirements of [18 U.S.C. ] § 983(a)(4) and Rule G(5), including, filing a timely verified claim and answer . . ."[3]  Cassella, Stefan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 9-4, at 25 (2006).  The requirements that a claimant file a timely claim , and that claim also be verified, serve two purposes.  Imposing a deadline forces claimants to come forward quickly, so that proceedings are not unduly delayed (proceedings which also may involve depreciating assets).  Imposing an obligation to swear to a claim minimizes the danger of false claims because false claims expose claimants to the penalty of perjury.  See $487,825 in U.S. Currency, 484 F.3d at 664-65.

The filing of a timely verified claim under Supplemental Rule (G)5 and 18 U.S.C. § 983 (a)(4)(A) is a jurisdictional prerequisite to a claimant's ability to contest a federal *in rem* forfeiture action.  Supplemental Rules G(5)(a) and (b) require that a would-be intervenor first file a verified claim with the Clerk of the Court within 30 days of either service of the complaint or, if not served, within 30 days from the completed publication of notice.  Then, the would-be intervenor must file an answer to the complaint within 20 days after filing the claim.[4]  The

---

[3]  In the answer, a claimant is required to frame the controversy by admitting or denying the averments in the complaint and stating any defenses.  Ms. McKinney also failed to admit or deny the averments of the complaint as required by Fed. R. Civ. P. 8(b).  "A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies . . . " Fed. R. Civ. P. 8(b).

[4]  18 U.S.C. § 983(a)(4)(A), which is part of CAFRA, references the Supplemental Rules and similarly requires that a claimant file a claim no later than 30 days after service or publication and an answer within 20 days after filing the statement of interest.

5

prerequisite that a claimant file a timely verified claim "is no procedural technicality." $487,825 in U.S. Currency, 484 F.3d at 664-65 (citing United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004)). In order for a claimant to have standing, "[g]enerally, strict compliance with the time periods of CAFRA [Civil Asset Forfeiture Reform Act of 2000] and Rule C(6) is required." United States v. $41,437.00 in U.S. Currency, 242 F. Supp.2d 193, 195 (W.D.N.Y. 2002) (citing United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993)). The failure to file a timely claim, standing alone, is sufficient to disqualify a potential claimant. See One-Sixth Share of James J. Bulger in [Lottery Proceeds], 326 F.3d at 41-42

In addition to being timely, a claim must be verified. Supplemental Rule G(5)(a), which sets forth the verified claim requirements, provides as follows:[5]

(a) **Filing a Claim**.

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must be:

(A) identify the specific property claimed;

(B) identify the claimant and state the claimant's interest in the property;

(C) be signed by the claimant under penalty of perjury; and

(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supplemental Rule G(5)(a). A verified claim requires, "[a]ny party who wishes to defend a

---

[5] All references in this case are to Supplemental Rule G, rather than the procedural rule (Supplemental Rule C) that previously governed civil forfeiture. Supplemental Rule G went into effect in December 2006. Supplemental Rule C's requirements for filing a timely verified claim and answer in a forfeiture action were substantially similar to the new Supplemental Rule G requirements. Consequently, case law discussing the procedural requirements of Supplemental Rule C remains instructive when analyzing cases brought under Supplemental Rule G.

forfeiture action [will] be forced to swear to his interest in the forfeited property." United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir.1986) (citations omitted). "Verification forces the claimant to place himself at risk of perjury for false claims" and failure to verify the claim results in dismissal for lack of statutory standing. United States v. Commodity Account No. 54954930 at Saul Stone & Co., 219 F.3d 595, 597-598 (7th Cir. 2000). "A verified claim in a forfeiture *in rem* action must be filed by the claimant in order for the claimant to acquire 'statutory standing.' Therefore, a claimant wishing to defend all or part of a defendant vehicle in a civil forfeiture case must satisfy [the Supplemental Rules'] verified claim requirement." United States v. One 1990 Mercedes Benz, 926 F. Supp. 1, 3 (D.D.C. 1996) (citations omitted). The filing of a verified claim is a prerequisite to the filing of an answer, and confers standing on a claimant to contest a forfeiture. See United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir.1990). "If a putative claimant fails to file a verified claim or otherwise follow the provisions set forth in Supplemental Rule C(6), it is within the court's discretion to strike the deficient claim." United States v. Funds from Prudential Securities et al., 300 F. Supp.2d 99, 103 (D.D.C. 2004) (citing, One 1990 Mercedes Benz 300 CE, 926 F. Supp. at 4).[6] "In addition to the timing requirements of Supplemental Rule C(6), claims in a forfeiture proceeding must also be verified on oath or solemn affirmation. Because there is a substantial danger of false claims in forfeiture proceedings, verification on oath or solemn affirmation is an

---

[6] Courts have sometimes excused less than strict compliance for good cause shown. See United States v. Real Property Located at Incline Village, et al., 976 F. Supp. 1321, 1325 (D. Nev., 1997) (citing, United States v. Borromeo, 945 F.2d 750 (4th Cir. 1991)); see also United States v. One 1978 Piper Navajo Aircraft, 748 F.2d 316, 318 (5th Cir. 1984); United States v. $83,686.00, 2007 WL 2238824 (D.D.C. July 9, 2007). Regardless, Ms. McKinney has not requested an extension of time to file the required pleadings or shown good cause or "excusable neglect" for failing to file a timely verified claim.

essential element of a claim under Rule C(6)."  United States v. $138,381 in U.S. Currency, 240

F. Supp.2d 220, 228 (E.D.N.Y. 2003) (citations omitted).

In this case, although Ms. McKinney received direct notice of this forfeiture action, she

did not file any verified claim with this Court, much less a timely one.  These failures are fatal to

Ms. McKinney's effort to contest the forfeiture of the vehicles found outside Mr. McKinney's

residence because she lacks "statutory standing."  Even assuming, *arguendo*, that the Court could

construe Ms. McKinney's answer as a claim too, it was not sworn to under the penalty of perjury.

The answer should not substitute for a properly verified claim.[7]  Ms. McKinney's failure to meet

the "statutory standing" requirements set forth in Supplemental Rule G(5) and 18 U.S.C. §

983(a)(1)(A), precludes her from contesting the forfeiture action.  Her answer should, therefore

be stricken.

## II.    Ms. McKinney is Not Entitled to Release of the Defendant Vehicles Pending the Outcome of the Forfeiture Proceedings.

Ms. McKinney's motion for the release of the defendant properties is without merit.  For

the same reasons that Ms. McKinney does not have standing to contest the forfeiture of the

defendant vehicles – the lack of a timely and verified claim – she cannot properly request that the

vehicles be returned to her while this case proceeds to determine forfeitability.

In post CAFRA cases, the pre-trial release of seized property is governed by 18 U.S.C. §

983(f)(1)(A)-(E).  Subsection 983(f) states:

---

[7]  Although Ms. McKinney's signature was apparently notarized, her substantive
assertions are unsworn and were not submitted under the penalty of perjury.  See Document No.
10.

8

(f) **Release of seized property–**

(1) A claimant under subsection (a) is entitled to immediate release of seized property if–

(A) the claimant has a possessory interest in the property;
(B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
(C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
(D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceedings; and
(E) none of the conditions set forth in paragraph (8) applies.[8]

18 U.S.C. § 983(f). Ms. McKinney's motion fails to address any of these post-CAFRA requirements for the release of seized property.

As a threshold matter, Ms. McKinney's failure to file the requisite timely verified claim disqualifies her from seeking pre-trial release of either vehicle. 18 U.S.C. § 983(f) allows only a "claimant" to seek the release of seized property. 18 U.S.C. § 983(a)(4)(A) provides that in a judicial forfeiture, a person claiming an interest in seized property must file a timely claim as set forth in the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. As discussed in Section I above, Supplemental Rule G(5) requires that for an individual to become a "claimant" in a civil forfeiture action, he or she must first file a claim, under oath, that both identifies the specific property being claimed, and states the individual's interest in the

---

[8]  18 U.S.C. § 983(f)(8) bars pre-trial release of contraband, currency or other monetary instruments.

property being claimed.[9]  See Section, I, *infra*.  Because Ms. McKinney is not a proper claimant,

she is disqualified from obtaining the relief she seeks in her motion for the release of the

defendant vehicles.

Ms. McKinney neglects to address any basis, except that she appears to purport to own

the two vehicles, for the return of the vehicles.  Ms. McKinney does not explain how she is

suffering a substantial hardship because of the seizure of the defendant vehicles, or how any

hardship would outweigh the risk that the vehicles would be destroyed, damaged, lost, concealed,

or transferred if released.  Indeed, Ms. McKinney fails to assert any hardship she has suffered as

a result of the seizure of two luxury vehicles found parked outside her son's home.  Ms.

McKinney provides no guarantee that the defendant vehicles will be available for trial if they are

returned to her now.  See United States v. $1,231,349.68 in Funds, 227 F. Supp.2d 125 (D.D.C.

2002) (denying pretrial release of seized cash because the likelihood that it would be unavailable

for trial is "almost assured").  Plainly, the risk of releasing the defendant vehicles to Ms.

McKinney far outweighs any hardship she is suffering from the seizure of the two vehicles taken

from outside her son's residence.

Ms. McKinney's motion for the release of the defendant vehicles should be denied.

## CONCLUSION

Ms. McKinney, having failed to file a timely properly verified claim, lacks statutory

standing to intervene in this forfeiture action.  She is not a "claimant" for either defendant

---

[9]  Ms. McKinney also failed to comply with 18 U.S.C. § 983(f)(2), which requires that before a claimant petitions the district court for release of seized property, he or she must "request possession of the property from the appropriate official, and the request must set forth the basis on which the requirements of paragraph (1) are met."  Ms. McKinney has made no effort to show that she made such a request.

vehicle, and thus, she cannot defend the forfeiture of the vehicles to the United States.  As a result, Ms. McKinney's answer should be stricken.  Further, to obtain pre-trial release of the seized vehicles, Ms. McKinney must meet all of the requirements of 18 U.S.C. § 983(f).  She satisfied none of them.  She has no right to the release of the defendant vehicles and her motion should be denied.

WHEREFORE, for the forgoing reasons, the United States moves the Court to strike the Answer and to deny the motion for the release of the defendant vehicles.

Respectfully submitted,

_/s/_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912

11



**U.S. Postal Service**
# CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

7000 0600 0021 5996 2065

| Postage | $ | SEP 2 4 2007 |
| Certified Fee | ✓ | Postmark Here |
| Return Receipt Fee (Endorsement Required) | ✓ | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Tota | | |

Ms. Edna McKinney

Name

Riverdale, Maryland 20737-2145

Street    Notice of Forfeiture Action & Verified Complaint in *USA v. One 2002 Gray BMW 745Li, VIN: WBAGN634X2DR06697, et al*, Cv. No. 07-1289 (RBW)

City,

PS Form 3800, July 1999                    See Reverse for Instruction

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  07-1289 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| One 2002 Gray BMW 745LI, | ) | |
| VIN: WBAGN634X2DR06697 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| One 2001 Silver Mercedes Benz S500, | ) | |
| VIN: WDBNG75J11A138653, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FORFEITURE ACTION

On July 19, 2007, the United States Attorney for the District of Columbia filed a Verified Complaint for Forfeiture in the United States District Court for the District of Columbia against: One 2002 Gray BMW 745 Li, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz S500, VIN WDBNG75J11A138653.  This lawsuit is brought under the provisions of 18 U.S.C. § 981(a)(1)(A) and § 981(a)(1)(C).

Pursuant to 18 U.S.C. § 983 and Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, direct notice of this action is being sent to **Ms. Edna McKinney**.  Individuals who intend to assert an interest in the defendant property and contest the forfeiture must file a verified Claim in the United States District Court, District of Columbia, 333 Constitution Avenue, NW, Washington, DC 20001 under case *USA v. One 2002 Gray BMW 745 LI, VIN: WBAGN634X2DR06697, et al.*, 07-CV-1289 (RBW), **within 35 days** of the Government's sending of this Notice, in accordance with Supplemental Rule G(5). Additionally, claimants must serve and file Answers to the Complaint, or motions under Rule 12 of the Federal Rules of Civil Procedure, **within 20 days** after filing their verified Claims

Claims must comply with Supplemental Rule G(5)(a), and Claims and Answers are to be filed with the Clerk, United States District Court for the District of Columbia at the address listed

above, with a copy thereof served on the undersigned Assistant United States Attorney at the
address listed below.

Date Sent:  September 24<u>th</u>, 2007

JEFFREY A. TAYLOR
United States Attorney

_/s/_

BY:    DIANE G. LUCAS
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW, Room 4822
Washington, DC 20530
(202) 514-7912

-2-



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

November 1, 2007

**SENT VIA REGULAR U.S. MAIL**

Ms. Edna McKinney

Riverdale, MD 20737-2145

### Re: NOTICE OF FORFEITURE ACTION

To Ms. McKinney:

    The United States Attorney's Office for the District of Columbia filed a Verified Complaint for Forfeiture *In Rem* on July 19, 2007 against the properties identified as One 2002 Gray BMW 745LI, VIN: WBAGN634X2DR6697 and One 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A138653.  Attached you will find the Complaint as well as a Notice of Forfeiture Action.  Notice was first sent via certified mail on September 24, 2007.

    If you should have any questions, please contact Taryn S. McLaughlin, Paralegal Specialist, at (202) 514-8007.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By:

DIANE G. LUCAS
Assistant United States Attorney
Criminal Division
555 4th Street, N.W.,
Washington, DC 20530

Enclosures

AUSA D. Lucas

**U.S. Department of Justice**

*United States Attorney*
*District of Columbia*
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20001

Official Business
Penalty for Private Use $300

Ms. Edna McKinney

Riverdale, MD 20737-2145

## AFFIDAVIT OF PUBLICATION

<u>AD# 10162725</u>

DISTRICT OF COLUMBIA, ss,
Personally appeared before me, <u>CLAIRE VALLOWE,</u>
a Notary Public in and for the District of Columbia

<u>CARL S. JOHNSON</u> who is being duly sworn according to law, an oath says that he is
an AUTHORIZED AGENT of THE WASHINGTON TIMES, L.L.C., publisher of

# The Washington Times

Circulated daily, in the City of Washington, District of Columbia,
and that the advertisement, of which the annexed is a true copy was
published in said newspaper <u>3</u> time(s) on the following dates:

<u>2007 AUGUST 9, 16 & 23</u>

at the rate of <u>$ 2.91</u> per line.

Total Cost <u>$ 907.92</u> Dollars

Subscribed and sworn to before me

<u>AUGUST 23, 2007</u>

Notary Public _Claire L. Vallowe_

CLAIRE L. VALLOWE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 14, 201_

My Commission expires _____

**NOTICE**

NOTICE IS HEREBY GIVEN that by virtue of a Warrant for Arrest in Rem, issued by the U.S. District Court for the District of Columbia, in an action entitled United States v. One 2002 Gray BMW 745 Li, VIN: WBAGN634X2DR06697 and One 2001 Silver Mercedes Benz S500, VIN: WDBNG75J11A139653, law enforcement agents for the Department of the Treasury arrested on August 3, 2007, one 2002 Gray BMW 745Li and one 2001 Silver Mercedes Benz S500, said property described above under Civil Action No. 07-1289-RBW and filed on July 19, 2007, with the Clerk of the Court for the District of Columbia for violations of 18 U.S.C. § 981 and which action requests that the said property be seized for condemnation and confiscation and requests such costs and disbursements as decreed by the Court. Any person who is entitled to possession, or claiming an interest in or to said property, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedures, within 30 days after the earlier of (1) receiving actual notice of execution of process, or (2) the publication of this notice, must file a verified claim with the Clerk of the Court, U.S. District Court for the District of Columbia and make service upon the attorney for the plaintiff and must serve their answers within 20 days after the filing of their verified claims. All interested persons should file claims and answers within the time so fixed, or be defaulted and said property be condemned and forfeited to the use of the United States of America. Diane G. Lucas, Assistant United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

August 9th, 2007
August 16th, 2007
August 23rd, 2007

AD#10162725

**Exhibit C**
*United States v. One 2002 Gray BMW 745LI,*
*VIN: WBAGN634X2DR06697, et al.,*
Civil Action No. 07-1289 (RBW)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Civil Action No. 07-1289 (RBW)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **One 2002 Gray BMW 745LI,** | ) | |
| **VIN: WBAGN634X2DR06697,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **One 2001 Silver Mercedes Benz S500,** | ) | |
| **VIN: WDBNG75J11A138653,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**<u>ORDER</u>**

On July 19, 2007, the United States filed a Verified Complaint for Forfeiture *In Rem* against the defendant vehicles.  In the Complaint, the United States alleged that the defendant vehicles constituted or were derived from proceeds traceable to a "specified unlawful activity" and/or were involved in money laundering, and are, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

It appearing:

1)  That direct notice of the forfeiture action was sent to Edna McKinney, and that Notice of the seizure of the defendant vehicles was published three times in THE WASHINGTON TIMES, on August 9th, 16th, and 23rd, 2007;

2) That on November 20, 2007, Edna McKinney filed a document labeled Answer and Motion for Return of Seized Property;

3) That Edna McKinney did not file the requisite verified claim within the time permitted

by 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and, therefore, that she lacks statutory standing to challenge the forfeiture of the defendant vehicles or to request return of the defendant vehicles; and

4)  That Edna McKinney is not entitled to the release of the defendant vehicles pursuant to 18 U.S.C. § 983(f).

Now, therefore, on the second motion of the plaintiff, the United States of America, to Strike the Answer and on Edna McKinney's Motion for Return of Seized Property, and any oppositions filed thereto, and the record herein, it is hereby

**ORDERED,** that the Answer filed by Edna McKinney on November 20, 2007 is hereby stricken; and it is further.

**ORDERED** that the Motion for Return of Seized Property is hereby denied.

Dated this _____ day of _____, 2008.


_____
REGGIE B. WALTON
United States District Judge


cc:

AUSA Diane G. Lucas
Ms. Edna McKinney, *Pro se*
Mr. Duane McKinney, *Pro se*
Christopher Michael Davis, Esq.

2